IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | MAGISTRATE NO. 10-mj-1398-02 |
| | : | |
| ARLENE HERNANDEZ-PEREZ | : | |

**Jones, II, J.**                                                                          September 22, 2010

## **MEMORANDUM**

Presently before the Court is the Government's Motion for a Stay and Revocation of Release Order, and Appeal Pursuant to 18 U.S.C. § 3145(a) (Dkt. No. 15) in the above-captioned matter. On September 16, 2010, the Honorable Mary A. McLaughlin of the United States District Court for the Eastern District of Pennsylvania, acting in her capacity as emergency judge, granted the Government's Motion in part as to stay Defendant's pre-trial release pending a decision on the Government's appeal of the pre-trial release order issued by United States Magistrate Judge Linda K. Caracappa of the United States District Court for the Eastern District earlier that day. Upon consideration of evidence presented before this Court at a hearing on September 17, 2010 and the arguments of counsel, the remainder of the Government's Motion with regard to its request for revocation of that release order shall be granted.

Based upon a complaint and warrant, Defendant was charged with violating 21 U.S.C. § 841(a)(1) (possession with the intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack")) (three counts); 21 U.S.C. § 841(a)(1) (possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack")) (one count); 21 U.S.C. § 2 (aiding and abetting); and 18 U.S.C. § 924(c)(1) (possession of firearms in furtherance of a drug trafficking crime) (one

count.).  On February 3, 2010, Defendant and her paramour were arrested after Reading Police officers executed a search warrant at Defendant's residence in Reading, PA.  Before the search, on three occasions during January and February 2010, Reading Police officers observed Defendant distribute cocaine base ("crack") to a confidential source, acting under law enforcement supervision.  During the search at Defendant's residence, Reading Police officers seized approximately 7.22 grams of cocaine base ("crack") packaged in a manner consistent with distribution, 94.89 grams of marijuana, a Ruger .45 P345 handgun loaded eight rounds of ammunition, a H&R .22 Target revolver loaded with two rounds of ammunition, and $4,302 in U.S. currency.  Until Defendant was recently brought into federal custody, she had been detained in Berks County Prison since the date of her arrest on February 3, 2010.  Defendant is the mother of four children, ranging in age from 3 years old to 9 years old, who until the time of Defendant's arrest were residing with Defendant at Defendant's residence.

Trafficking in cocaine base ("crack") in the amounts allegedly trafficked by Defendant creates a rebuttable presumption that Defendant is a grave danger to the community.  *See* 18 U.S.C. § 3142(e) ("Bail Reform Act"); *see also United States v. Strong*, 775 F.2d 504, 507 (3d Cir. 1985).  Defendant faces a combined mandatory minimum of 10 years imprisonment if convicted.  Accordingly, there is a rebuttable presumption that Defendant must be detained pending trial.  *See* 18 U.S.C. § 3142(e).  Defendant failed to rebut the presumption at the detention hearing on September 16, 2010, stating only that she could stay her godmother's residence in Reading, Pennsylvania.  Since that hearing, the Government has presented the Court with evidence that (1) Defendant's godmother's residence is owned by the godmother's son, a convicted drug trafficker who now lives in Florida; (2) another of Defendant's godmother's sons is a convicted drug trafficker who lives near Defendant's godmother's residence in Reading; (3)

Defendant's godmother's grandson is also a convicted drug trafficker; and (3) Defendant's godmother's residence is upstairs from a grocery where Reading Police have recorded multiple sales of illegal controlled substances in recent months. Release to the immediate area where Defendant originally engaged in trafficking, and where trafficking remains so common and accessible, renders the currently proposed release terms inadequate to ensure the community's safety.

Furthermore, the Court also believes that Defendant presents a serious risk of flight. Pursuant to 18 U.S.C. § 3142(e), this Court must presume Defendant presents a serious risk of flight absent sufficient rebuttal. Defendant faces severe penalties if convicted. As noted above, conviction on the instant charges alone, without considering the potential for superseding charges, carries a mandatory minimum penalty of a combined 10 years imprisonment without the possibility of parole up to lifetime imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). The Government has no evidence that the defendant has a significant employment history. According to Pretrial Services, Defendant does not have significant ties to the Eastern District of Pennsylvania. She has only lived in the district since 2006, although it appears that she has spent time between the District of New Jersey and the Eastern District of Pennsylvania since arriving in the continental United States from Puerto Rico in 2000. Her parents and most if not all of her close relatives live in Puerto Rico, with the exception of her four children. Three of the children are now residing with their natural father in the Reading area, and the other child is residing with a paternal grandmother in the Reading area. There is no evidence of any other relatives living in this district or any other district outside Puerto Rico. The weight of the evidence against her combined with the severe penalties she faces on conviction create a serious risk that Defendant will flee to avoid these penalties; even bond and electronic monitoring, particularly at the

residence of Defendant's godmother, are not enough to ensure her obligation to appear before the Court.

The Court notes that Defendant may renew her motion for pre-trial release at a later date should she be able to propose to the Court alternative conditions for her release sufficient to reasonably assure the Court of her appearance as well as the safety of other persons and the community.  However, because under the currently proposed release conditions Defendant presents a danger to the community and a serious risk of flight, and because Defendant has failed to rebut the presumption of the Bail Reform Act, the pre-trial release order issued by Magistrate Judge Caracappa on September 16, 2010 must be revoked at this time.

An appropriate Order follows.