IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | MAGISTRATE NO. 10-mj-1398-02 |
| : | |
| ARLENE HERNANDEZ-PEREZ : | |

**<u>ORDER</u>**

AND NOW, this 22nd day of September, 2010, upon consideration of the Government's Motion for a Stay and Revocation of Release Order, and Appeal Pursuant to 18 U.S.C. § 3145(a) (Dkt. No. 15),[1] after an evidentiary hearing and argument of counsel for both parties, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that :

(a) the Government has proved by a preponderance of the evidence that no currently proposed condition or combination of conditions will reasonably assure the appearance of Defendant as required;

(b) the Government has proved by clear and convincing evidence that no currently proposed condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by 18 U.S.C. § 3142(e);[2]

(c) pursuant to 18 U.S.C. § 3145(a)(1), the pre-trial release order issued by United

---

[1] On September 16, 2010, the Honorable Mary A. McLaughlin of the United States District Court for the Eastern District of Pennsylvania, acting in her capacity as emergency judge, (1) granted the Government's Motion to Stay pending a decision on the Government's appeal of Magistrate Judge Caracappa's pre-trial release order; and (2) ordered that Defendant be detained until this Court could hear the appeal of the Government with respect to its motion for detention on September 17, 2010.

[2] The government must prove by a preponderance of the evidence that no conditions of release reasonably will assure Defendant's appearance or prove by clear and convincing evidence that no conditions of release will assure the safety of the community. *See United States v. Himmler*, 797 F.2d 156, 161 (3d Cir. 1986).

States Magistrate Judge Linda K. Caracappa of the United States District Court for the Eastern District of Pennsylvania on September 16, 2010 is REVOKED;[3]

(d) Defendant is committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(e) Defendant shall be afforded reasonable opportunity for private consultation with counsel; and

(f) on order of a Court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for purpose of an appearance in connection with a court proceeding.

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II    J.

---

[3] *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985); *accord*, *United States v. Thibodeaux*, 663 F.2d 520 (5th Cir. 1981) (district court's responsibility to reconsider conditions of release fixed by another judicial officer is unfettered as if it were considering whether to amend its own action, and district court need not look for abuse of discretion or defer to judgment of prior judicial officer).